```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

UNITED STATES OF AMERICA     )
                             )      1:91-CR-214-01
      v.                     )      1:91-CR-215-01
                             )
LARRY BAXTER STALLINGS       )

## MEMORANDUM ORDER

Before the court is pro se Defendant Larry Baxter Stallings's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 32.)[1] The Government has responded in opposition. (Doc. 36.) For the reasons set forth below, Stalling's motion will be denied.

## I. BACKGROUND

In these two cases, Stallings was convicted of multiple offenses involving bank robbery, including carry and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1), and sentenced on February 14, 1991, to 371 months of imprisonment. (Doc. 2.) He was released to a five-year term of supervision on March 8, 2019, and on May 24, 2023, the U.S. Probation Office filed a petition for revocation based on alleged conduct. (Doc. 14.) Stallings was arrested on June 9, 2023 (Doc. 22), and he remained in custody through his hearing on revocation

---

[1] Docket entry references are to those in case number 1:91-CR-214-01 unless otherwise noted. The motions and corresponding briefing have also been filed on the docket for case number 1:91-CR-215-01. The court's order accordingly applies to the motion for compassionate release filed in that case as well.

on November 20, 2023, at which time the court found him in violation of his supervision and sentenced him to 7 months of imprisonment followed by 36 months of supervision. (Doc. 35.) He is no longer in custody, as his statutory release date was December 23, 2023.

Stallings filed his present motion for compassionate release on November 14, 2023, while in custody for, and just prior to, his revocation hearing. (Doc. 32.) In his motion, he contends that the First Step Act's amendments to sentence "stacking" under 18 U.S.C. § 924(c) constitute an extraordinary and compelling reason for compassionate release in his case under the theory that he should receive credit for "banked" time for having overserved his original custodial sentence. (Doc. 32 at 1-2.) The Government responded that Stallings has not exhausted his administrative remedies and that even if he had, reducing his term of supervised release would undermine the goals of supervised release. (Doc. 36 at 9-12.)

## II. ANALYSIS

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3582(c)(1).

2

United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended section 3582(c)(1) when it passed the First Step Act. Pertinent here, the First Step Act added a provision to section 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the public. Id. The defendant bears the burden of establishing that extraordinary and compelling reasons justify his release. See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021); see, e.g., United States v. Hargrove, 30 F.4th 189, 195 (4th Cir. 2022). Further, while a court need not address every argument raised by a defendant, it must fully explain its decision in light of the particular circumstances of each case. United States v. Osman, No. 21-7150, 2022 WL 485183, at *2 (4th Cir. Feb. 17, 2022) (per curiam)

3

(unpublished)[2] (citing United States v. High, 997 F.3d 181, 188-89 (4th Cir. 2021)). Additionally, a court, in considering a reduction in sentence pursuant to section 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

As recently amended, United States Sentencing Guideline section 1B1.13(a) essentially reiterates the requirements of section 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2); see also Beck, 425 F. Supp. 3d at 578. Section 1B1.13(b) then provides a non-exhaustive list of examples of extraordinary and compelling reasons to grant a compassionate release. The four enumerated reasons are (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; and (4) defendant as a victim of abuse. U.S.S.G. § 1B1.13(b). Section 1B1.13(b)(5) then provides a catch-all for "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are

---

[2] Unpublished opinions of the Fourth Circuit are not precedential but can be cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

4

similar in gravity to those described in paragraphs (1) through (4)." Section 1B1.13(b)(6) also provides that a court may consider a change in the law when determining "whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." Finally, section 1B1.13(d) states that rehabilitation of the defendant is not alone an extraordinary and compelling reason, but it may be considered along with other circumstances.

Courts maintain broad discretion in the evidence they may consider on a motion to reduce a sentence under the First Step Act. Concepcion v. United States, 142 S. Ct. 2389, 2403-04 (2022). However, courts do not have unfettered jurisdiction or discretion to modify criminal sentences. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart.") (internal quotations omitted). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute, such as 18 U.S.C. § 3582(c), expressly permits it to do so. Even then, section 3582(c) is appropriately invoked only in unusual cases, or, as the Fourth Circuit phrases it, the "most grievous cases." McCoy, 981 F.3d at 287; see Osman v. United

5

States, Crim. No. 2:10-cr-57-5, 2023 WL 3765246, at *4 (E.D. Va. June 1, 2023) ("The Senate Judiciary Committee report on the Sentencing Reform Act explained that compassionate release would address 'unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances.'" (citations omitted)). It is not a vehicle for repeated reconsideration of sentences as a way to circumvent the general rule of finality. See Goodwyn, 596 F.3d at 235-36. Nor is it a vehicle to collaterally attack a federal conviction or sentence. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

The Government cites a number of cases demonstrating that courts have waived the exhaustion requirement where the defendant is not in BOP custody because there is no BOP warden to petition. (Doc. 36 at 5-6.) While the Government "acknowledges Stallings' unique circumstance" — i.e., that he was not in BOP custody when he filed the motion — it asserts that he had not satisfied the exhaustion requirement prior to filing his motion. (Id.) The Government is correct that Stallings has not technically met the exhaustion requirements, but because he was in local custody at the time of his motion, the court will waive them. United States v. Norris, 458 F. Supp. 3d 383, 386 (E.D.N.C. 2020) (waiving exhaustion requirement where defendant was not at a BOP facility because "there [was] no BOP warden to whom [the defendant could] direct a compassionate relief request.")

While the compassionate release statute authorizes a court to reduce a "term of imprisonment," some courts have considered claims to reduce the term of supervised release even after the defendant's term of imprisonment had ended. United States v. Chestnut, 989 F.3d 222, 224 (2d Cir. 2021) (determining that a motion for compassionate release was not automatically moot where defendant was released from prison and had begun term of supervised release); see also United States v. Shorter, 27 F.4th 572, 576 (7th Cir. 2022) (relying on Chestnut, but denying motion as moot where defendant was released on home confinement because there was "no further relief that a court c[ould] grant").

Here, Stallings requested early release from his pre-revocation hearing incarceration and asked for "a sentence of time served if revoked for any alleged violations, with no further supervised release or continued supervised release if the court deems necessary." (Doc. 32 at 7.) The court construes this as a request to reduce both his confinement and his 36-month term of supervised release. Cf. United States v. Gottstein, No. 3:17-CR-188, 2022 WL 584505 (M.D. Pa. Feb. 25, 2022) (denying compassionate release motion as moot where defendant's term of imprisonment had ended but defendant made no request to reduce term of supervised release). Because Stallings was released from custody on December 23, 2023 (having been given credit for time in custody), the question before the court is his request to reduce his term of

7

supervision for the reasons he urges.

Even assuming that the First Step Act is a change in law that produced a gross disparity between the sentence imposed and the sentence Stallings would receive if sentenced at the time the motion was filed, such a disparity does not create an extraordinary and compelling reason for compassionate release here. U.S.S.G. § 1B1.13(b)(6) (requiring "full consideration of the defendant's individualized circumstances" before determining whether the defendant presents and extraordinary and compelling reason). In United States v. Johnson, 529 U.S. 53 (2000), the Supreme Court held that a defendant's term of supervised release begins when a defendant is released, even where the defendant overserved a sentence on a vacated conviction. In so holding, the Court observed that "supervised release fulfills rehabilitative ends, distinct from those served by incarceration." Id. at 59. Expounding on these differences, the Fourth Circuit, in United States v. Jackson, 952 F.3d 492 (4th Cir. 2020), noted that supervised release assists "the defendant to become a law-abiding member of the community" by both providing resources and by deterring future misconduct. Id. at 501.

There is no doubt that Stallings served a lengthy term of incarceration. Indeed, he correctly argues — and the Government does not appear to contest — that his statutory maximum if sentenced today would be significantly below the sentence imposed

in 1991.  As noted in the U.S. Probation Office's supplemental report filed in support of revoking his first term of supervised release, however, Stallings resorted to "past patterns of violence and aggression towards others" over the course of his supervised release.  (Doc. 30 at 4.)  Moreover, Stallings had not complied with his probation officer's efforts to provide him with substance abuse and mental health treatment.  (Id.)  While Stallings showed positive strides in terms of obtaining good employment, his use of illicit substances while on supervised release put himself in danger and is a threat to the community.  (Id.)  In sum, Stallings's individualized circumstances demonstrate that granting early release from his term of supervised release would fail to adequately protect the public and deter future criminal conduct.  In addition, it would fail to adequately further the rehabilitative goals of supervised release that the Supreme Court recognized in Johnson.  Accordingly, Stallings's individualized circumstances show that any sentence disparity does not rise to the level of an extraordinary and compelling reason for a reduction in supervised release.

Even if an extraordinary and compelling reason existed here, for the same reasons stated above, a reduction in the term of supervised release would not be appropriate in this case in light of the § 3553(a) factors, particularly deterrence and protection of the community as reflected in his multiple violations of

9

supervision.  18 U.S.C. § 3583(c)(1)(A) (requiring consideration of the facts set forth in section 3553(a)).

## III. CONCLUSION

For these reasons,

IT IS THEREFORE ORDERED that Stallings's motion for compassionate release (Doc. 32 in case number 1:91-CR-214-01; Doc. 32 in case number 1:91-CR-215-01) is DENIED.

           /s/   Thomas D. Schroeder
           United States District Judge

February 21, 2024